O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY JAMES CURRY,<br><br>               Petitioner,<br><br>   v.<br><br>SANDRA ALFARO, *Warden*,<br><br>               Respondent. | Case No. CV 15-1309 JCG<br><br>**MEMORANDUM OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

## I.

## BACKGROUND

On October 2, 2012, a jury found Billy James Curry ("Petitioner") guilty of inflicting corporal injury upon a spouse or cohabitant. [Dkt. Nos. 1 at 2; 21-1 at 109.] Additionally, the jury found true that Petitioner had inflicted great bodily injury upon the victim under circumstances involving domestic violence. *See People v. Curry*, 2013 WL 6000987, at *1 (Cal. Ct. App. Nov. 13, 2013); [*see also* Dkt. No. 21-1 at 109]. Furthermore, the trial court found that two of Petitioner's prior convictions qualified as strikes. *See Curry,* 2013 WL 6000987, at *1. On October 25, 2012, Petitioner was sentenced to state imprisonment for 33 years to life. *Id.*; [*see also* Dkt. Nos. 1 at 2; 22-2 at 141].

Petitioner appealed, and on November 13, 2013, the California Court of Appeal ("Court of Appeal"): (1) affirmed the judgment; and (2) ordered that the abstract of judgment be amended to accurately reflect the trial court's reasons for the sentence. *See Curry*, 2013 WL 6000987, at \*5. Petitioner subsequently filed a petition for review in the California Supreme Court, which was denied on January 29, 2014. [Dkt. No. 19-2.]

On February 24, 2016, the Court received the instant Petition for Writ of Habeas Corpus, and memorandum of points and authorities in support thereof (collectively, the "Petition"). [Dkt. Nos. 1, 3.]

The Court has reviewed the record, and the evidence is accurately summarized in the Court of Appeal's decision on direct review. *See Curry,* 2013 WL 6000987; *see also* 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct."). The Court thus repeats the facts here and throughout only as necessary.

## II.

## DISCUSSION

Petitioner asserts three grounds for relief, all of which fail on this record.

### A. Ground One: Prior Uncharged Crimes

First, Petitioner claims that the trial court's admission of "prior uncharged domestic violence," pursuant to California Evidence Code section 1109 ("Section 1109"), violated Petitioner's due process rights under the Fourteenth Amendment. [Dkt. Nos. 1 at 5; 3 at 4-14.] This claim fails for three reasons.

#### 1. Jury Could Draw Permissible Inference

As a rule, "[t]he admission of evidence does not provide a basis for habeas relief unless it rendered the trial fundamentally unfair in violation of due process." *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009). "Only if there are *no* permissible inferences the jury may draw from the evidence can its admission violate due process." *Jammal v. Van de Kamp*, 926 F.2d 918, 920 (9th Cir. 1991) (emphasis in original).

2

Notably, Section 1109(a)(1) provides that: "[I]n a criminal action in which the [petitioner] is accused of an offense involving domestic violence, evidence of the [petitioner]'s commission of other domestic violence is not made inadmissible by Section 1101 if the evidence is not inadmissible pursuant to Section 352." As such, under Section 1109, evidence of *prior* domestic violence is admissible and "[gives] rise to a permissible inference that [the petitioner] had a propensity to commit domestic violence and, thus, was more likely to have committed the charged act of domestic violence." *See Daniel v. McDonald*, 2013 WL 1898256, at *13 (C.D. Cal. Mar. 29, 2013); *People v. Morgan,* 2012 WL 2849755, at *3 (Cal. Ct. App. July 12, 2012) ("[U]nder [S]ection 1109, a jury may infer from the evidence that the [petitioner] had a . . . propensity to commit other offenses involving domestic violence and . . . that he . . . did commit the current domestic violence offense.")

Here, pursuant to Section 1109, the trial court admitted testimony from the victim and another witness regarding a previous "altercation [between Petitioner and the victim] at their house," in which Petitioner had "punched [the victim] in the nose . . . [and] slapped her and kicked her in the ribs." *See Curry*, 2013 WL 6000987, at *2; [*see also* Dkt. Nos. 22-1 at 132-33, 154-58; 22-2 at 84]. As such, the jury could have drawn the permissible inference that Petitioner "was more likely to have committed the charged act of domestic violence." *See Daniel,* 2013 WL 1898256, at *13.

Thus, the trial court's admission of such evidence did not violate Petitioner's due process rights. *See Jammal*, 926 F.2d at 920.

      2.     Fails to Meet AEDPA Requirement

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts may grant habeas relief only where a state court's decision was contrary to, or an unreasonable application of, clearly established Supreme Court authority, or was based on an unreasonable determination of the facts in light of the evidence

presented. 28 U.S.C. § 2254(d). It is a highly deferential standard that is difficult to meet. *Harrington v. Richter*, 562 U.S. 86, 102, 105 (2011).

Here, the Court of Appeal found that, under state law, the admission of evidence regarding Petitioner's prior domestic violence did not violate his due process rights. *See Curry*, 2013 WL 6000987, at *2, 5. Relatedly, the United States Supreme Court has "express[ed] no opinion on whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime. *See Estelle v. McGuire,* 502 U.S. 62, 75 n.5 (1991).

As such, Petitioner is unable to show that the Court of Appeal's finding was "contrary to, or an unreasonable application of, clearly established Supreme Court authority," or based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d).

### 3. Not Cognizable on Federal Habeas Review

As a rule, "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2006); *see also Dallas v. Martell*, 2012 WL 3071410, at *8 ("A claim involving only the application or interpretation of California law is not cognizable on federal habeas review.")

Here, as mentioned above, the Court of Appeal interpreted Section 1109 and found that it "[d]oes [n]ot [v]iolate [d]ue [p]rocess." *People v. Curry*, 2013 WL 6000987, at *2.

Accordingly, Petitioner's due process claim fails on federal habeas review.

### B. Ground Two: Ineffective Assistance of Counsel

Second, Petitioner claims that his attorney rendered ineffective assistance of counsel because "no reasonable tactical purpose can be conceived for counsel'[s] failure to object to the highly prejudicial 1109 evidence." [Dkt. No. 3 at 16.]

As a rule, to establish ineffective assistance of counsel, Petitioner must show that: (1) counsel's representation was deficient such that it "fell below an objective

4

1   standard of reasonableness," and (2) counsel's deficient performance prejudiced
2   Petitioner such that "there is a reasonable probability that, but for counsel's
3   unprofessional errors, the result of the proceeding would have been different."
4   *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).  Notably, with respect to
5   the first *Strickland* prong, an attorney's "failure to take a futile action can never be
6   deficient performance."  *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996).

7       Here, even if Petitioner's counsel had objected to the admission of Section 1109
8   evidence, "the trial court would have been bound by precedent and rejected it."  *Foster*
9   *v. Valenzuela*, 2015 WL 1737829, at *5 (N.D. Cal. Apr. 10, 2015).  Indeed, as the
10  Court of Appeal noted, "in the face of uniform, controlling authority, [Petitioner]'s
11  counsel did not unreasonably fail to raise the objection [to the admission of evidence
12  under Section 1109] and *even if she had, any objection would have been rejected . . . .*"
13  *Curry*, 2013 WL 6000987, at *3 (emphasis added).  As such, because any objection
14  would have been futile, Petitioner fails to meet the first *Strickland* prong.  *See*
15  *Strickland*, 466 U.S. at 687-88; *Rupe*, 93 F.3d at 1445.

16      In any event, assuming *arguendo* that Petitioner's counsel did render deficient
17  performance, Petitioner fails to show how he was prejudiced as a result.  This is
18  especially true in light of the overwhelming evidence of Petitioner's guilt.  Namely: (1)
19  the victim testified that Petitioner hit her, punched her, and struck her with a bat, [Dkt.
20  No. 22-1 at 120-121]; (2) Petitioner's sister testified that she saw Petitioner hit the
21  victim with his fist, [*id.* at 85]; (3) the Los Angeles County Sheriff's Deputy testified
22  that, when he arrived at the scene of the incident shortly after it occurred, the victim
23  was bruised, bloody, in pain, and wearing a neck brace, [*id.* at 171-172]; and (4) the
24  victim's treating physician testified that the victim's injuries were consistent with
25  being struck by a bat or fist, or being kicked, [Dkt. No. 22-2 at 25-26].  Thus,
26  Petitioner is unable to show that the result of his trial would have been different but for
27  his counsel's allegedly deficient conduct.  *See Strickland*, 466 U.S. at 694.
28

1  Accordingly, Petitioner fails to show that his counsel rendered ineffective
2  assistance of counsel.

3  **C.    <u>Ground Three: CALCRIM No. 852</u>**

4  Third, Petitioner claims that the jury instruction given pursuant to CALCRIM
5  No. 852,[1] was "argumentative in violation of [his] Fourteenth Amendment right to due
6  process." [Dkt. No. 1 at 6.]

7  As a general matter, in evaluating a claim of instructional error, the jury
8  instruction "'may not be judged in artificial isolation,' but must be considered in the
9  context of the instructions as a whole and the trial record." *Estelle v. McGuire*, 502
10 U.S. 62, 72 (1991) (citing *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). Furthermore,
11 it is not enough that the jury instruction in question is "erroneous" or "even universally
12 condemned," but rather it "must be established" to have violated a constitutional right.
13 *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). Notably, if the Court
14 determines that an error has occurred, such error warrants federal habeas relief only if
15 it had a "substantial and injurious effect or influence in determining the jury's verdict."
16 *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993).

17 Here, the given instruction is not argumentative because it "does not presume
18 [Petitioner]'s guilt," does not "require the jury to find . . . that a particular inference be
19 drawn," is "phrased in permissive and conditional . . . terms," emphasizes that
20 evidence of prior domestic violence is "not alone sufficient to establish guilt," and
21 requires the jury to consider such evidence "along with all the other evidence." *See*

---

[1]    The jury was given the following instruction, pursuant to CALCRIM No. 852: "The People presented evidence that [Petitioner] committed domestic violence that was not charged in this case, specifically that [Petitioner] committed an act of violence against [the victim] on March 25, 2011. . . . If you decide that [Petitioner] committed the uncharged domestic violence, you may, but are not required to, conclude from that evidence that [Petitioner] was disposed or inclined to commit domestic violence and, based on that decision, also conclude that [Petitioner] was likely to commit Count 1, as charged here. If you conclude that [Petitioner] committed the uncharged domestic violence, that conclusion is only one factor to consider along with all the other evidence. It is not sufficient by itself to prove that [Petitioner] is guilty of Count 1." *See Curry*, 2013 WL 6000987, at *4; [*see also* Dkt. No. 22-2 at 69-72].

*Ortiz-Calderon v. Holt*, 2016 WL 4364447, at *14 (N.D. Cal. Aug. 15, 2016) (finding that jury instructions were not argumentative for the same reasons). In other words, and as the Court of Appeal cogently explained, the instruction "merely informed the jury how to properly consider [the evidence admitted under Section 1109] in weighing all the evidence and cautioned that the uncharged acts were not sufficient alone to prove appellant was guilty, which prevented the jury from weighing the evidence too heavily." *Curry*, 2013 WL 6000987, at *4.

Furthermore, even assuming *arguendo* that an error was made, Petitioner fails to show how there was a resulting "substantial and injurious effect" in light of the overwhelming evidence of Petitioner's guilt. *See Brecht*, 507 U.S. at 623; (*see also* Section II.B, *supra*).

Accordingly, Petitioner's claim regarding argumentative jury instructions fails.

### D. **Certificate of Appealability**

Additionally, for the reasons stated above, the Court finds that Petitioner has not shown that "jurists of reason would find it debatable whether": (1) "the petition states a valid claim of the denial of a constitutional right"; *and* (2) "the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, the Court declines to issue a certificate of appealability.

//

//

//

//

## III.

## ORDER

For the foregoing reasons, **IT IS ORDERED THAT:**

1. The Petition be **DISMISSED WITH PREJUDICE**;
2. A Certificate of Appealability be **DENIED**; and
3. Copies of this Order be **SERVED** on the parties.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: November 10, 2016

_____
HON. JAY C. GANDHI
UNITED STATES MAGISTRATE JUDGE